# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

THOMAS GREENE, on his own
behalf and others similarly situated,

    Plaintiff,

v.                                                    CASE NO: 2:07-cv-188-FtM-99-SPC

ACCESS DOOR & GLASS, INC.,

    Defendant.
_____/

## O R D E R

    Before the Court is Plaintiffs' Motion to Enforce Settlement Agreement (Dkt. 68). After careful consideration of the motion and the file, the Court concludes that the motion should be denied without prejudice to filing a separate action to enforce the settlement agreement.

    As a court of limited jurisdiction, a federal district court does not enjoy jurisdiction to enforce a settlement agreement in a case that is no longer pending before it unless the parties sought to reserve jurisdiction for that specific purpose before the dismissal occurred. Kokkonen v. Guardian Life Ins. Co. of Amer., 511 U.S. 375, 380-81, 114 S.Ct. 1673, 1677, 128 L.Ed.2d 391 (1994). In this particular case, neither Plaintiffs' original nor amended notice of settlement requests a reservation of jurisdiction in the final order

approving settlement.[1] The report and recommendation of the magistrate judge does not recommend reserving jurisdiction to enforce the settlement agreement.[2] Finally, not only does the settlement agreement itself not refer to a reservation of jurisdiction, but paragraph 8 of that agreement seems to contemplate the filing of a separate action to enforce the settlement.[3] Accordingly, it is therefore **ORDERED AND ADJUDGED** as follows:

(1) Plaintiffs' Motion to Enforce Settlement Agreement (Dkt. 68) is **DENIED** without prejudice to filing a separate action to seek enforcement of the settlement agreement.

(2) The clerk is directed to term the repetitive motion at docket 66.

**DONE AND ORDERED** at Tampa, Florida, on March 31, 2009.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel/Parties of Record

---

[1] See dockets 48 & 60.

[2] See docket 64.

[3] See docket 63, Exh. 1. Paragraph 8 provides that if either of the parties "commence an action . . . to enforce the provisions of the Agreement," the prevailing party is entitled to attorney's fees and costs in connection with "any such action."